USDC SCAN INDEX SHEET









SMV    1/11/06    14:50

3:04-CV-01968    NORTEL NETWORKS LTD V. PLATINUM NETWORKS

*47*

*MEMFACTS.*

Joseph M. Aliberti, Esq. (168870)
LAW OFFICES OF JOSEPH M. ALIBERTI
5000 Birch St
Suite 405
Newport Beach, Ca. 92660
(949) 724-0550 fax
(949) 724-1717

Attorney for Defendants, Platinum Networks, Inc.
and Gerald Medina

FILED

06 JAN 11 AM 10: 56

CLERK, U S DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTEL NETWORKS LIMITED, a Canadian Corporation<br><br>Plaintiff,<br><br>vs.<br><br>PLATINUM NETWORKS, INC., a California corporation; GERALD MEDINA, an individual<br><br>Defendant. | Case No. 04 CV 1968 L (LSP)<br><br>Assigned All Purposes:<br><br>**CONTENTIONS OF LAW AND FACT** BY PLATINUM NETWORKS, INC. AND GERALD MEDINA, INDIVIDAULLY<br>DEMAND FOR JURY TRIAL<br><br>Complaint filed: September 29, 2004<br>Discovery Cut-Off: January 6, 2006<br>Trial Call: February 6, 2006 |

Defendants Platinum Networks, Inc., a California Corporation and Gerald Medina, an individual, (hereinafter "Defendants"), submit the following Contentions of Law and Fact:

**I. CONTENTIONS OF LAW AND FACT:**

1. Defendants deny each and every allegation and statement contained in the unverified complaint as well as each prayer for relief except those that are expressly admitted below. (Federal Rules of Civil Procedure, section 8(a) and (b))

2. Defendants deny Plaintiff has sustained any injuries, damages, or loss, if any, in general, or as alleged in the complaint, by reason of any act or omission of Defendants or their agents or employees. Answering Defendants also deny paragraphs 1-15 of the prayer of such complaint.

3. JURISDICTION: This honorable court has jurisdiction of this action under 28 U.S.C section 1331, 1338(a) and (b), and this court's pendent jurisdiction. Venue is proper in this district

1
Contentions of Law and Fact Gerald Medina and Platinum Networks    04 CV 1968 L (LSP)

47

1 under 28 U.S.C. section 1391(b).

2   4. Platinum Networks, Incorporated, is a California Corporation with its principal place of
3 business in the Southern District of California.

4   5. Gerald Medina is a residence of the County of San Diego, state of California.

5   6. Bruce Jensen was an employee of Defendants. He was terminated for cause.

6   7. Bruce Jensen and David Perrin were friends.

7   8. Plaintiff used false information in obtaining a subpoena in November, 2004.

8   9. All Corporate entities provide a corporate veil and protection to individuals, officers,
9 directors, shareholders, managers and employees.

10   11. BUSINESS AND PROFESSION CODE SECTION 17200. Plaintiff has not shown
11 conduct sufficient to bring an unfair competition claim. (Business and Professions Code section
12 17200, State ex rel Van de Kamp v. Texaco, Inc., (1988) 46 Cal.3d 1147, 1169; Notrica v. State
13 Compensation Ins. Fund (1999) 70 Cal.App.4th 911, 945; People v. Duz-Mor Diagnostic Lab, Inc.,
14 (1998) 68 Cal.App.4th, 654, 662)

15   12. Plaintiff is not entitled to a private right of action for violation of other laws. (Business
16 and Professions Code section 17200-17210; Manufacturers Life Insurance Co. v. Superior Court
17 (1995) 10 Cal.4th 257, 267)

18   13. Plaintiff is not the owner of any trade secret alleged in the complaint. (Civil Code
19 section 3426.1(d)

20   14. The alleged trade secret at issue does not qualify for trade secret protection in that it is
21 known to others in the field and/or has lost any trade secret protection due to conduct of plaintiff
22 and third parties and/or unprotected disclosure by (a) publication, sale, or display, (b) disclosure by
23 patent or copyright, and/or (c) disclosure required by statue or regulatory body.

24      - No protectable trade secret. Plaintiff cannot prove (1) the information claimed to
25 be a trade secret at issue is not generally known to the public or to other persons who can obtain
26 economic value from its disclosure or use. (Civil Code section 3426.1(d)(1): (2) that the
27 information has any value or that the value is derived from the fact that the information is unknown
28 to others. (ABBA Rubber Co. V. Seaquist (1991) 235 Cal.App.3d 1,18), or (3) that the information

2

claimed to be a trade secret is the subject of efforts that are reasonable under the circumstances to maintain its secrecy. (Civil Code section 3426.1(d)(2). The information at issue is used on a constant basis, it has been passed around by Plaintiff, and for several years, Plaintiff did nothing to protect any proprietary interest.

15. Plaintiff is estopped from bringing the claims at issue.

16. Any information claimed to be owned by plaintiff or protected by trade secret is generally known in the field.

17. Plaintiff cannot prove misappropriation or misuse. (Civil Code section 3426.1(b) There has been no acquisition by improper means or disclosure or use of a trade secret from another without express or implied consent.

18. The protection for any trade secrets extends only to preventing acquisition, disclosure, or use of trade secret information, not the mere possession or knowledge of that information. (Civil Code section 3426.1(b); New Method Laundry Co. V. Maccann (1916) 174 Cal.26, Golden State Linen Service v. Vidalin (1977) 69 Cal.App.3d 1,8) The information at issue was also subject to inevitable disclosure.

19. There has been no misappropriation. Any process alleged to have been misappropriated differs significantly from the process or product in which plaintiff claims a trade secret.

20. Any publication of the claimed trade secret was established by a third party.

21. There was lack of knowledge of the existence of the trade secret.

22. No COPYRIGHT has been obtained by plaintiff. (17 USC section 101 et.seq) Plaintiff cannot prove that prove protection for an original work of authorship fixed in any tangible medium of expression that can be perceived, reproduced, or communicated, whether directly or with the aid of a machine or device. (17 USC section 102(a).

- Copyright protection is not afforded herein in that statutory copyright does not protect ideas, procedures, processes, systems, methods of operations, concepts, principles, or discoveries, regardless of the form in which they are described, explained, illustrated, or embodied. (Wort v. Selchow & Richter Co. (9th Cir 1987) 827 F.2d 569) As the list of computer commands is not copyrightable (Ashton-Tate Corp v. Ross (9th Cir 1990) 916 F.2d 516, 521), and a menu

command hierarchy is not copyrightable, (Lotus Dev. Corp v. Borland International, Inc. (1996) 516 U.S. 233) neither are any of the alleged ideas proffered by plaintiff.

- Plaintiff cannot prove originality or independent creation, (Roth Greeting Cards v. United Card Co. (9th Cir 1970) 429 F.2d 1106, 1109), or that the design show artistic as distinguished from mechanical skill (John Muller & Co. V. New York Arrows Soccer Team, Inc. (8th Cir 1986) 802 F.2d 989)

Additionally,

- Plaintiff has failed to register a claim or valid claim of copyright.
- There are errors and/or omissions in the copyright notice.
- Plaintiff has failed to renew the copyright.
- Any alleged work is in the public domain by virtue of the copyright owner's failure to comply with the technical requirements of the 1909 Copyright Act.
- Defendants lacked access to any alleged Copyright.
- Any alleged copyright was an independent creation.
- Plaintiff is prohibited from recovery in that any alleged copyright is subject to fair use and/or is not subject to copyright protection.
- Plaintiff lacks ownership of any copyright due to failure to comply with Statutory requirements for works for hire or transfer of copyright.
- The original author of the work is not the copyright claimant.
- Plaintiff lacks ownership of any copyright due to failure to comply with the copyright statue of frauds.
- Plaintiff is barred due to the existence of a license.
- Plaintiff is prevented from recovery by the first sale doctrine.
- Plaintiff is prevented from recovery by the Copyright Misuse doctrine.
- The plaintiff's work is not an original.
- Plaintiff has failed to adequately define it's copyright and/or claim.

23. The events, happenings, injuries, losses and/or damages alleged in the complaint were directly and proximately caused and contributed to, in whole or in part by the acts of Plaintiff

4

Contentions of Law and Fact Gerald Medina and Platinum Networks        04 CV 1968 L (LSP)

1  and/or other individuals or entities, and these acts and fault of the Plaintiff and/or these other
2  individuals or entities bars or proportionately reduces any alleged claims.

3      24. Plaintiff is barred from pursuing this action and/or each issue in this matter under the
4  doctrine of Collateral Estoppel.

5      25. Plaintiff is barred from pursuing this action under the Doctrine of Res Judicata.

6      26. Plaintiff is barred from pursuing this action as Plaintiff has waived her rights.

7      27. Plaintiff has failed to make a good faith effort to mitigate any losses or damages
8  alleged in the complaint and has failed to mitigate such losses or damages, if any, at all.

9      28. Plaintiff is barred in whole or in part by reason of Plaintiff's inequitable conduct and/or
10 plaintiff has come into equity with unclean hands.

11     29. Plaintiff is barred from recovery by the Equitable Doctrine of "Laches" in that Plaintiff
12 has waited an unreasonable amount of time prior to instituting this complaint seeking relief from
13 this Defendant, which delay of time is prejudicial to this responding Defendant.

14     30. Plaintiff has no standing or capacity to sue.

15     31. Plaintiff is barred from recovery by the applicable statutes of limitations.

16     32. Any damage sustained by Plaintiff would be the direct and proximate result of the
17 independent acts, conduct and/or mis-conduct of independent third parties or their agents.

18     33. Plaintiff cannot show any damages.

19     34. Plaintiff, in settling with David Perrin has admitted that the value of one (David
20 Perrin), who they contended committed 5 improper sales and several other improper acts, is
21 $20,000 U.S.

## II. EXHIBIT LIST

23     It is understood and agreed by the parties that they may supplement their exhibit lists and
24 witness lists within a reasonable time after they see what exhibits, witnesses, and contentions the
25 other party is going to identify.

26     1. All corporate records showing Platinum Networks Inc., is an active California Corp.
27     2. All American Express / Credit Card Invoices.
28     3. If not excluded for use by Nortel, all Platinum Books and records.

4. If not excluded for use by Nortel, of if the client allows testimony about Torrey Ventures and other business entities, then such documents.

5. Settlement agreement of Bruce Jensen

6. Litigation File of Bruce Jensen

7. All documents necessary to rebut any claims by Plaintiff.

## III. WITNESS LIST

1. Gerald Medina

2. George Auger

3. Kristin Y. Rayder

4. Vernilda Ang

5. Bruce Jensen

6. Monica Desai

7. Emily Rodriguez

8. If not excluded for use by Plaintiff, David Perrin

9. All witnesses necessary to rebut any claims by Plaintiff.

## IV. EVIDENTIARY ISSUES

The following evidence should be excluded from opening statements, trial, closing arguments and any other times in front of the jury.

1. No Document should be admitted without the proper foundation. Such documents must also be relevant.

2. No evidence of Defendants Books, Records, Accounting Records, etc. should be admitted until Plaintiff can actually show the relevance and that there are actual transactions pertaining to Plaintiff or it's property.

3. No evidence of any of Defendants business transactions, etc. should be admitted until Plaintiff can actually show the relevance and that there are actual transactions pertaining to Plaintiff or it's property.

4. Until Plaintiff proves a proprietary right such as a copyright or trade secret, no evidence of wrongdoing, misappropriation, or other evidence should be admitted. Defendants respectfully

request this part of the trial be bifurcated.

5. Russ Gambrel, CPA, should not be allowed to testify. He cannot proffer any relevant evidence, he has no knowledge of any of the issues in this case, and his testimony would violate several privileges.

6. David Perrin's testimony must be excluded. In the alternative several excerpts of the transcript must be excluded.

7. Speculation as to the word "Magic" and it's meaning must be excluded.

8. No employees or past employees have any knowledge of the alleged allegations of Plaintiff. Therefore, such evidence and the calling of such witnesses should be precluded until Plaintiff can tie such testimony into the issues in this matter.

9. No hearsay statements from any witness including Bruce Jensen or David Perrin. Additionally, all foundations should be laid prior to opening statements and questions pertaining to such information.

10. Bruce Jensen entered into a confidential settlement agreement pertaining to litigation with Defendants. How does this honorable court want to handle this issue.

11. No transactions of Torrey Ventures, Robert Griffen and related companies, or any other transactions with any other business should be admissible until such evidence is shown to be relevant and the proper foundations are provided.

12. No E-mails or correspondence by, to, or from Defendants, , their officers, employees, agents, customers, etc., should be admitted into evidence until such evidence is shown to be relevant and the proper foundations are provided.

DATED: January 9, 2006              LAW OFFICES OF JOSEPH M. ALIBERTI

                                    _____
                                    JOSEPH M. ALIBERTI
                                    Attorney for Defendants Platinum Networks, Inc.,
                                    Gerald Medina, an Individual.

7
Contentions of Law and Fact Gerald Medina and Platinum Networks        04 CV 1968 L (LSP)

## PROOF OF SERVICE

United States District Court, Southern District of California.

I am over the age of eighteen years and not a party to the within action; my business address is 5000 Birch St, Suite 405, Newport Beach, Ca. 92660

On January 11, 2006, I served **upon plaintiff Nortel Networks Limited and their attorney of record, Defendants Contentions of Law and Fact.** on the interested parties in said action by placing ( ) an original (x) a copy thereof enclosed in a sealed envelope addressed as indicated below:

Scott J. Ferrell, David R. Sugden, Matthew R. Orr   (949) 717-3100

Call, Jensen & Ferrell
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, California 92660

BY: PERSONAL SERVICE:

   ( ) I personally served the above-described document on:

BY MAIL:

   (X) I deposited such envelope in the mail at Newport Beach, California, with postage thereon fully prepaid.

   (X) BY FAX:
   I transmitted a true copy of said document by facsimile machine, pursuant to rule 2005. The facsimile machine I used complied with rule 2003(3) and no error was reported by the machine. Pursuant to rule 2005(i) I caused the machine to print a transmission record, a copy of which is attached to this declaration. Said transmission(s) were directed as follows: See above

   I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

Executed on January 26, 2005 at Newport Beach, California.

_____
Kiley Grombacher